### BECKEN *v.* WEEKS.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

BOUNDARY LINES—EVIDENCE.

    Where the location of a disputed boundary line of unfenced and uncultivated land in an action of trespass was dependent on evidence of matters occurring more than 40 years past, resting only in the memory of men from 70 to 80 years of age, from which it appeared that a certain road, tree, and fence were regarded as monuments of a boundary line, the court properly refused to disturb a verdict for plaintiff.

Appeal from circuit court, Suffolk county.

Action by John T. Becken against William J. Weeks. From a judgment for plaintiff, defendant appeals. For former report, see 4 N. Y. Supp. 957.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Strong & Spear,* (*A. A. Spear,* of counsel,) for appellant. *George F. Stackpole* and *Timothy M. Griffing,* for respondent.

PRATT, J. This was an action of trespass, which involved a dispute as to the boundary line between two farms in Suffolk county. The plaintiff's west line and the defendant's east line, as appears from the deeds put in evidence, was the boundary line between the towns of Brookhaven and Riverhead. This line has been recently surveyed and established so as to take in the land upon which the trespass is claimed to have been committed as a part of the defendant's land; so that, if this new line is to be regarded as the boundary between the two farms, then the defendant is the owner of the land upon which the alleged trespass was committed, and the verdict was wrong. The plaintiff's answer to this contention is that many years since there had been a practical location of the line by the respective owners of the farms, and that such location placed the land upon which the trespass was committed upon the plaintiff's side of the line between the two farms. The evidence of this location is not so satisfactory as could be wished, but it was undoubtedly sufficient to warrant a submission of that question to the jury, which was done under a charge remarkably clear and impartial, and a verdict was rendered for the plaintiff. The dispute involved uncultivated land that had never been fenced, and the evidence consisted of matters occurring 40 or more years ago, which rested only in the memory of men from 70 to 80 years of age. Considering all the facts and circumstances, we think the jury were justified in finding that the plaintiff was the owner of the land upon which the trespass was committed, and therefore the verdict must stand, un-

less some error was committed upon the trial. This being unfenced and uncultivated land, it was very difficult to establish title by either side by adverse possession, but the declarations of the parties and their acts plainly show that the road and lop fence and a marked pine tree were regarded as monuments of a boundary between the two farms. We have carefully examined the exceptions, and find no error sufficient to warraut setting aside the judgment. Judgment affirmed, with costs. All concur.